IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| MILLIS PRICE, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 1:16-cv-00043-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Millis Price, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. This case has an unusually lengthy procedural history. The case is now before me after remands by both the district court and the Appeals Council. Mr. Price has had three administrative hearings. The most recent Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff requested oral argument and I held a hearing on September 16, 2016. Greg Wallace, Esquire, appeared by telephone for Mr. Price and Special Assistant United States Attorney Gabriel Bono appeared by telephone for the Commissioner. The attorneys are commended for their diligence and zealous representation of their respective clients in this matter. For the reasons set out below, the decision of the Commissioner is AFFIRMED.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

1

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The ALJ[1] found Plaintiff had not engaged in substantial gainful activity since February 5, 2010, and has the following severe impairments: "degenerative disc disease of the lumbar spine; bilateral carpal tunnel syndrome; bilateral synovitis ankle pain status post arthroscopy of his right ankle with extensive debridement; massive rotator cuff tear, biceps tendinitis, and symptomatic AC arthrosis status post debridement of a chronic SLAP tear, anterior labrum, chronic rotator cuff tear, posterior labral tear with subacromonial bursectomy and left open distal clavicle excision; depressive disorder not otherwise specified; and anxiety state, unspecified." (Tr. 328.)  The ALJ then found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2]  (Tr. 329.)

According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to perform unskilled light exertional work with no more than frequent climbing of stairs, balancing, kneeling

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g).

[2]20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

or crawling and can only occasionally stoop, crouch, and can never climb ladders. (Tr. 330.) Additionally, he can use his left non-dominant arm only occasionally for overhead reaching and must avoid rapid, repetitive flexion or extension of the wrist or hand. (*Id.*) Based on her RFC assessment, the ALJ concluded Plaintiff could no longer perform his past work as a general laborer. (Tr. 348.) Therefore, the ALJ utilized the services of a vocational expert (VE) to determine if other jobs existed that Plaintiff could perform despite his limitations. (Tr. 455-460.) Based upon the VE's testimony, the ALJ concluded Plaintiff could perform the job of bakery line worker. (Tr. 349.) Accordingly, the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore was not disabled. (*Id.*)

In support of his Complaint, Plaintiff argues that the ALJ impermissibly drew her own inferences from the medical records.[3] (Doc. No. 14 at 23.) Plaintiff says, "The ALJ had ample opportunity to contact Dr. Sarter, Price's long-time primary care physician, or Dr. Haughey, Price's podiatrist who performed his ankle surgery, or Dr. Hood, Price's orthopedist who performed the failed attempt to repair his rotator cuff, but failed to obtain any treating source opinion." (*Id.* at 25.) While Plaintiff raises a fair point, Plaintiff is reminded that a Social Security claimant bears the burden of proving disability. *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

At oral argument, Plaintiff's counsel explained the difficulty and expense involved in Mr. Price obtaining these documents on his own. He makes a reasonable point and I concede I have not "walked in a plaintiff's shoes" in this regard. However, I believe the law requires a plaintiff to do

---

[3]At oral argument, Plaintiff argued this was his primary argument and the law of the case doctrine argument was his fallback position.

more to try to obtain this evidence, especially when it is allegedly so critical to the case. Lastly, as the Commissioner's counsel pointed out, it is hard to credit Mr. Price's argument that he lacks funds to obtain this evidence when he has the money to smoke cigarettes and marijuana.

Additionally, and maybe more importantly, the record contains other sufficient evidence for the ALJ to have made a proper decision in this case. The General Physical Examination by Jeffery Barber, D.O., (Tr. 1113-1118), the Physical Residual Functional Capacity Assessment by Ramona Bates, M.D., (Tr. 1121-1128), the numerous diagnostic tests (750-753, 956-959, 969-970, 1001, 1023, 1111, 126-1264), and the extensive treatment records provide substantial evidence to support the ALJ's decision. While I agree with Mr. Price that much of this evidence is old, the ALJ also relied upon the more recent evidence from Plaintiff's treating doctors when determining he could perform light work. (Tr. 338-340.) I also realize Plaintiff feels that the ALJ "cherry picked" the evidence that supported her decision. But I find her decision to be supported by substantial evidence in this regard.

I am certain Plaintiff suffers from a high degree of pain and limitation. However, I am unable to find fault in the very thorough and well reasoned opinion of the ALJ. (Tr. 326-349.) And although Plaintiff disagrees (Doc. No. 14 at 27-28), I also find her credibility assessment was proper. The inconsistencies between the medical evidence and Plaintiff's subjective complaints of pain gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989).

Plaintiff also argues that the most recent ALJ's decision is contrary to the law of the case doctrine. (Doc. No. 14 at 22-23.) Specifically, he argues that, in his remand decision, United States Magistrate Judge H. David Young affirmed the first ALJ's finding Mr. Price needs a sit-stand option and is limited in occasional reaching in all directions. Plaintiff says, "The Court specifically noted that '[a]s the Court has found, the third hypothetical question posed to the vocational expert - the

4

answer to which the ALJ relied upon - was not erroneous; it captured the concrete consequences of Price's deficiencies.'" (*Id.* at 23; Tr. 498.)

The law of the case doctrine prevents the re-litigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties and promote judicial economy. *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). Under this doctrine, a decision in a prior appeal is followed in later proceedings unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice. *Id*. However, the law of the case doctrine is a discretionary one. *United States v. Callaway*, 972 F.2d 904, 906 (8th Cir. 1992).

After carefully considering this argument, I reject application of the law of the case doctrine in the manner Plaintiff suggests. Judge Young found that the ALJ's RFC assessment was not erroneous. (Tr. 489.) He then said, "The ALJ *could* and did find that Price's residual functional capacity is such that he can perform a broad range of light work but with the following restrictions: (1) he needs the option to sit or stand, and (2) although he has good use of his dominant right hand, he can use his non-dominant left hand for no more than occasional reaching." (*Id.*, emphasis added.) Judge Young's use of the word "could" is important. His determination that the ALJ "could" have included the sit-stand option and no more than occasional left hand reaching does not mean the Commissioner "must" now include these limitations in her RFC assessment of Mr. Price. Moreover, this part of Judge Young's opinion has only little bearing on the decision. Judge Young remanded the decision based on erroneous reliance on the vocational expert's flawed testimony. (Tr. 498-501.) The heart of Judge Young's remand instructions were, "The vocational expert's answers shall conform to the DOT, unless the vocational expert shows 'particular jobs, whether classified as light or sedentary, may be ones that a claimant can perform.'" (Tr. 501.) Accordingly, I find Plaintiff's

argument to be without merit.

I am sympathetic to Mr. Price's claims. As I stated at oral argument - this is a very close call. There is evidence he has limitations related to his impairments. But the ALJ's finding that he could perform a reduced range of light work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.") It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. I have also carefully considered the arguments each side presented at oral argument. There is ample evidence on the record as a whole that a reasonable mind might accept as adequate to support [the] conclusion of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this <u>19th</u> day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

6